```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION


GREGORY BAROW,

      Plaintiff,
                                 CASE NO: 8:11-cv-00159-T-33TBM
v.

OM FINANCIAL LIFE INSURANCE COMPANY,

      Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to OM Financial Life Insurance Company's Motion to Dismiss for failure to join an indispensable party (Doc. # 3). Plaintiff filed a Response thereto (Doc. # 4). For the reasons that follow, the Court denies the motion.

**I. Background**

Gregory and Phillip Barow were owners and beneficiaries of a life insurance policy issued by OM Life Insurance Company (OMFLIC) on their mother, Aileen Barow, with a death benefit in the amount of $250,000. Ms. Barow passed away on January 22, 2006. Her sons filed a claim for benefits with OMFLIC on February 6, 2006. Upon investigation, OMFLIC came to the conclusion Aileen Barow made material misrepresentations of fact when applying for the life insurance policy. On or about July 10, 2006, OMFLIC denied the claim. Gregory Barow, as the designated 50% beneficiary under the policy, filed this suit

seeking to recover 50% of the death benefit. OMFLIC now moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party because Plaintiff has not named his brother, Phillip Barow, as a party, and OMFLIC contends that the case cannot proceed without him.

## II. Standard of Review

Rule 12(b)(7) provides that courts may dismiss suits where the plaintiff fails to join an indispensable party and the defendant raises the defense by motion. To determine whether a court should dismiss an action for failure to join an indispensable party, courts apply the criteria set forth in Federal Rule of Civil Procedure 19. See Challenge Homes, Inc. v. Greater Naples Care Center, Inc., 669 F. 2d 667, 669 (11th Cir. 1982). The burden is on the party raising the defense to show that the person who was not joined is needed for a just adjudication. Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005)(citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1609 (3d ed. 2001)).

Rule 19 delineates a two-part inquiry for determining whether a party should be joined. First, the court must ascertain whether the person in question is "necessary" to the action under Rule 19(a), i.e., a person who should be joined if feasible. A person who is subject to service of process

and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (A)   in that person's absence, the court cannot accord complete relief among existing parties; or
    (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
        (i)   as a practical matter impair or impede the person's ability to protect the interest; or
        (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  In determining whether a party should be joined if feasible under Rule 19(a), pragmatic concerns, especially the effect on the parties and the litigation, control.  See <u>Challenge Homes</u>, 669 F.2d at 669 (citations omitted).

    If, after applying the factors of Rule 19(a), the court finds that the person should be joined if feasible but cannot be joined, then the court must determine whether the person is "indispensable" under Rule 19(b), i.e., whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider in Rule 19(b) include:

    (1)   the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
    (2)   the extent to which any prejudice could be lessened or avoided by:
        (A) protective provisions in the judgment;
        (B) shaping the relief; or
        (C) other measures;
    (3)   whether a judgment rendered in the person's absence

    would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b).

There is no prescribed formula for determining in every case whether a person is an indispensable party since that matter can be determined only in the context of particular litigation. See <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 118-19 (1968).

### III. Analysis

The Court must first determine whether complete relief cannot be granted among the existing parties; or whether the absent party has a legally protected interest that might be impeded if the case proceeds in his absence or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

OMFLIC does not argue that complete relief cannot be granted among the existing parties. Nor would such appear to be the case. Gregory Barow is clearly a party in interest as to his portion of the death benefit and can collect as to that amount. There is no evidence before the Court to show why Phillip Barow must be joined in order for the Court to accord relief among existing parties under Rule 19(a)(1)(A).

OMFLIC does argue that Phillip Barow is an indispensable party to this action because he is a co-obligee under the

insurance policy.  Rule 19, however, gives the court flexibility to allow an action to go forward without a joint obligee when no prejudice would result either to the parties or the absentee and effective relief can be granted.  7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice & Procedure</u> § 1613 (3d ed. 2001).  "Impairment may be minimized if the absent party is adequately represented in the suit, i.e., if there is another party in the suit with virtually identical interests who would be advancing virtually the same legal and factual positions."  <u>Southeastern Sheet Metal Joint Apprenticeship Training Fund v. Barsuli</u>, 950 F. Supp. 1406, 1414 (E.D. Wis. 1997)(citations omitted).  Such is clearly the case here.  Gregory Barow's interest in this action are identical to his brother's.  The Court cannot find that disposing of the action in Phillip Barow's absence would as a practical matter impair or impede his ability to protect his interest.

OMFLIC also argues that proceeding without Phillip Barow will subject OMFLIC to the risk of multiple liability and duplicative litigation.  There is no evidence before the Court, however, suggesting a substantial likelihood that Phillip Barow will bring a suit against OMFLIC or that any potential recovery by Phillip Barow would constitute an inconsistent liability for OMFLIC.  If Phillip Barow were to file suit against OMFLIC, it would be for recovery of the

other 50% of the death benefit. Such a liability would not be inconsistent with the potential liability in this case. The Court will not dismiss this action based on the speculative possibility of such a lawsuit.

Therefore, the Court finds that complete relief can be afforded among the parties to the action without joining Phillip Barow to this lawsuit, disposition of this action in the absence of Phillip Barow will not as a practical matter impair or impede the parties' interests, and the parties will not be subjected to a substantial risk of multiple or inconsistent obligations. Accordingly, the Court holds that Phillip Barow is not a person that must be joined under Rule 19(a), and the motion to dismiss for failure to join an indispensable party must be denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED:**

OM Financial Life Insurance Company's Motion to Dismiss (Doc. # 3) for failure to join an indispensable party is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of July, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE